```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

        Plaintiff,

v.                            Case No. 8:12-cv-1628-T-33AEP

GEOFFREY HUNTER,

        Defendant.
_____/

### **ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Default Judgment (Doc. # 8), which was filed on October 29, 2012. For the reasons that follow, the Court grants the motion.

### **I. Default**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

1

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On July 23, 2012, Plaintiff filed a complaint against Defendant asserting a single cause of action for rescission of contract. (Doc. # 1). On August 7, 2012, Defendant was validly served with the summons and complaint. (Doc. # 6-1). Defendant failed to file a responsive pleading and has not otherwise appeared in this action. On October 1, 2012, Plaintiff moved for a Clerk's entry of default. (Doc. # 6). The Clerk entered a default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 2, 2012. (Doc. # 7).

Based upon the well-pled factual allegations in the complaint, the Court finds that Plaintiff has established its

entitlement to rescission of the policy. Thus, the Court determines that Plaintiff's motion is due to be granted and further determines that a hearing on this matter is unnecessary. Accordingly, the Court directs the Clerk to enter a final default judgment against Defendant and in favor of Plaintiff.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff's Motion for Default Judgment (Doc. # 8) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff.

(3) The Clerk shall thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of December, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

3